IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-221-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| STEVEN SCHRIEFELS | ) | |
| | ) | |

This matter is before the Court on the Government's motion [DE-5], pursuant to 18 U.S.C. § 3145(a)(1), to revoke the October 4, 2010 order issued in the Eastern District of Arkansas (the district where Defendant was arrested) releasing Defendant on conditions pending his trial or other proceedings in the Eastern District of North Carolina. On October 20, 2010, this Court held a hearing on the Government's motion to further develop the record. The matter is now ripe, and the undersigned issues the following memorandum and recommendation.

Statement of the Case

Defendant was arrested in Cord, Arkansas, on September 30, 2010, on a warrant issued in conjunction with a criminal indictment filed in the Eastern District of North Carolina on July 9, 2010 [DE-1]. The indictment charges Defendant with eighteen counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant elected to have his detention hearing held in the Eastern District of Arkansas and was subsequently released on conditions pending his trial in the Eastern District of North Carolina. The Government then filed the instant Motion to Revoke Release Order [DE-5].

1

## Statement of the Facts

At the October 20, 2010 hearing, the testifying witnesses were the case agent, United States Secret Service Special Agent Craig Korcz, and Defendant's mother and third-party custodian, Nancy Songstad.

Agent Korcz testified that he became involved in this case as a result of an ICE tip which reported that Defendant had threatened President Barack Obama. Accompanied by a fellow agent, Agent Korcz visited Defendant at his workplace to investigate the tip. With Defendant's written consent, Agent Korcz also conducted a search of Defendant's home, culminating in seizure of his desktop computer, a .38 caliber handgun with an obliterated serial number, a .22 caliber rifle, and six marijuana plants which were growing in Defendant's backyard. A subsequent search of the computer's hard drive by the computer forensics laboratory did not reveal any evidence related to the alleged threat to the President; however, it did reveal over 600 digital images and 23 videos of child pornography.

Nancy Songstad testified as to her fitness to continue to serve as Defendant's third-party custodian. Nancy Songstad is the mother of Defendant, and he currently resides with her under electronic monitoring in Dardenelle, Arkansas. Nancy Songstad testified to her knowledge that her son had at times used marijuana, but she was unaware of any chronic use or the fact that Defendant had admittedly used marijuana as recently as three days prior to his arrest on the instant charges. Nancy Songstad also testified to her lack of knowledge concerning Defendant's practice of growing marijuana plants in his backyard, his possession of an illegal handgun, and his collection of child pornography.

2

Regarding Defendant's current living situation with Nancy Songstad, Agent Korcz also testified that several public and private day care and pre-kindergarten schools are located in and around the area of the residence where Defendant is living while on conditions of release.

## Factors to be Considered at a Detention Proceeding

Pursuant to 18 U.S.C. § 3142(g), the factors to be considered by the court in a detention proceeding include:

(1) the nature and circumstances of the offense charged, including whether the offences is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including among other things, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record of appearances at prior court proceedings, whether the defendant was on probation or parole, etc.; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## Discussion

The Court has considered the evidence, the testimony of Agent Korcz and Nancy Songstad, the information in the pretrial report, the character letters submitted on behalf of Defendant, and the able arguments of counsel. The Court finds by clear and convincing evidence that Defendant has rebutted the presumption of detention by tendering a facially

3

sufficient third-party custodian (his mother). In addition, based on the fact that he appeared in court as directed and has apparently not violated the conditions of release set by the Magistrate Judge in the Eastern District of Arkansas, the Court finds by clear and convincing evidence that Defendant is not a flight risk. However, the Court does find by clear and convincing evidence that Defendant is a danger to the community based on the following § 3142(g) factors: the serious nature of the child pornography charges; the apparent strength of the Government's case based on the testimony of Agent Korcz; the allegations that Defendant used marijuana three days before he was arrested on these charges; his history of substance abuse; Defendant's previous drug convictions; and the presence of firearms at Defendant's residence, including a handgun with an obliterated serial number. While the Court finds Nancy Songstad is generally a suitable third-party custodian, the Court is troubled by the fact that she appears to have turned a blind eye to drug use by Defendant in the past and that the home which she currently shares with Defendant is in close proximity to primary schools and daycare centers where young children are present. Based on the foregoing factors, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community and recommends that Defendant be detained.

## Conclusion

This Court **RECOMMENDS** that Defendant be detained pending trial and further **ORDERS** that Defendant be detained pending Judge Howard's decision on this memorandum and recommendation.

The clerk shall send copies of this Memorandum and Recommendation to the parties, who have fourteen days (14) after receiving it to file written objections. Failure to file timely

4

written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report and, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 21st of October, 2010.

David W. Daniel
United States Magistrate Judge

5